An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

CODY C. LEAVITT,
Petitioner,
vs.
DWIGHT NEVEN, WARDEN; HIGH
DESERT STATE PRISON; JAMES COX,
WARDEN; AND NEVADA
DEPARTMENT OF CORRECTIONS,
Respondents.

No. 60675

FILED

MAR 19 2013

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY _____
DEPUTY CLERK



## ORDER DENYING PETITION

This is an original proper person petition for a writ of mandamus seeking an order directing respondents to expand the prison law library's resources.

A writ of mandamus is available to compel the performance of an act that the law requires as a duty resulting from an office, trust, or station, or to control an arbitrary or capricious exercise of discretion. See NRS 34.160; International Game Tech. v. Dist. Ct., 124 Nev. 193, 197, 179 P.3d 556, 558 (2008). It is within our sole discretion to determine if a writ petition will be considered. Smith v. District Court, 107 Nev. 674, 677, 818 P.2d 849, 851 (1991). Writ relief is generally not available, however, when the petitioner has a plain, speedy, and adequate remedy at law. See NRS 34.170; International Game Tech., 124 Nev. at 197, 179 P.3d at 558. Petitioner bears the burden of demonstrating that extraordinary relief is warranted. Pan v. Dist. Ct., 120 Nev. 222, 228, 88 P.3d 840, 844 (2004).

Having considered the petition and the attached documents, we conclude that petitioner has not demonstrated that our intervention by way of extraordinary relief is warranted. See NRS 34.160; Pan, 120 Nev. at 228, 88 P.3d at 844. If, as petitioner asserts, his constitutional right of access to the courts has been denied by the limitations on the legal

SUPREME COURT
OF
NEVADA

(O) 1947A

13-08189

resources available to him in the prison law library, petitioner has an adequate legal remedy through a 42 U.S.C. § 1983 action, and thus, writ relief is not appropriate in this matter. See Bounds v. Smith, 430 U.S. 817, 828 (1977) (explaining that the constitutional right of access to the courts includes an inmate's right to "adequate law libraries or adequate assistance from persons trained in the law"); see also NRS 34.170; International Game Tech., 124 Nev. at 197, 179 P.3d at 558. Accordingly, we

ORDER the petition DENIED.[1]

_____, J.
Gibbons

_____, J.
Douglas

_____, J.
Saitta

cc:     Cody C. Leavitt
        Attorney General/Carson City

---

[1]We direct the clerk of this court to file petitioner's September 17, 2012, "motion for judgment on the pleadings"; April 23, 2012, "motion for enlargement of time limitation"; and May 11, 2012, "opposition to respondent's notice of potential dismissal for failure to pay Supreme Court filing fee." Having considered these motions, we deny them as moot. We also direct the clerk of this court to file petitioner's September 17, 2012, supplement to the petition; February 5, 2013, supplement to the petition; and February 19, 2013, correction to the first supplement to the petition. We have considered these supplements in our resolution of this petition.